UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
          :
**ADAM BRUZZESE**,
          :
          Plaintiff,
          :  **MEMORANDUM AND ORDER**

      – against –
          :  22-CV-7948 (AMD) (ST)

          :
**STEVEN DETTELBACH**, Director of the
Bureau of Alcohol, Tobacco, Firearms and  :
Explosives,
          :
          Defendant.
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff commenced this action to compel the defendant "to reverse an unlawful adverse employment action under 28 U.S.C. § 1361."[1] (ECF. No. 1 at 3.) For the reasons discussed below, the complaint is dismissed.

## BACKGROUND

The plaintiff worked for the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") beginning in 2000 as a Special Agent, a field position that requires the agent to carry a firearm. In 2008, the plaintiff's supervisors became concerned about his mental health and reassigned him from the field to an operations office. *Bruzzese v. Lynch*, 191 F. Supp. 3d. 237, 241 (E.D.N.Y. June 8, 2016) ("*Bruzzese I*"). After a series of "fitness-for-duty" evaluations, the ATF made the plaintiff's reassignment permanent in 2009. *Id*. at 241. The plaintiff retained the rate of pay, work hours, and vehicle privileges of a Special Agent. *Id*. at 242.

---

[1] The Clerk of Court is respectfully directed to amend the case caption to reflect the correct spelling of the defendant's name.

In 2009, the plaintiff filed a complaint with the Department of Justice ("DOJ"), alleging discrimination on the basis of a perceived mental disability. *Id*. at 242-43. An Administrative Law Judge found no evidence of discrimination, and the DOJ adopted this conclusion in a Final Order on June 22, 2011. *Id*. The Equal Opportunity Commission affirmed the final order on appeal. *Id*. at 243.

On October 18, 2013, the plaintiff, represented by counsel, filed an action challenging his reassignment to a non-law-enforcement position. *Id*. at 243. On June 8, 2016, the Honorable Jack B. Weinstein granted the defendant's motion for summary judgment, finding that the ATF reasonably determined that the plaintiff was not qualified to be a Special Agent; Judge Weinstein also found that that the plaintiff was not disabled, and that the defendant did not discriminate against him. *Id*. at 249. The plaintiff appealed, and on March 30, 2018, the Second Circuit affirmed the judgment. *Bruzzese v. Sessions*, 725 F. App'x. 68 (2d Cir. Mar. 30, 2018) ("*Bruzzese II*"). The Honorable Sterling Johnson Jr. denied the plaintiff's motion for reconsideration on May 17, 2021. *Bruzzese v. Garland*, 2021 WL 1964547, at *1 (E.D.N.Y. May 17, 2021) ("*Bruzzese III*").[2] On appeal, the Second Circuit affirmed Judge Johnson's decision. *Bruzzeze v. Garland*, 2022 WL 1669191, at *1 (2d Cir. May 26, 2022) ("*Bruzzese IV*"). After the Supreme Court denied certiorari, the plaintiff again asked "through [his] chain of command" that his "reassignment be reversed." (ECF No. 1-2 ¶ 3.)

In this case, the plaintiff alleges he was denied due process when he was reassigned to a non-law-enforcement position within the ATF in June 2009. (ECF No. 1-2 ¶¶ 8-24.) He cites deposition testimony in the prior lawsuit, claiming that the testimony "contradict[s]" allegations that he was unfit for duty as a Special Agent. (*Id*.) He also asserts he has continued to serve as a

---

[2] The prior case, bearing docket number 13-CV-5733, was reassigned to Judge Johnson after Judge Weinstein retired.

2

Firearms Instructor and a Taser Instructor, roles which involve tactical training and demonstrations of the safe use of firearms. (*Id.* ¶¶ 23-24.) The plaintiff seeks a writ of mandamus compelling the government to reinstate him as a Special Agent. (ECF No. 1 at 3.)

## DISCUSSION

The plaintiff's claims are barred by *res judicata* and collateral estoppel. A litigant's claims are precluded under the doctrine of *res judicata* if: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018) (citing *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)); *Gibbs v. Bank of Am., N. A.*, No. 22-CV-11, 2022 WL 1469402, at *3 (E.D.N.Y. May 10, 2022).

All three requirements are met. First, the plaintiff's previous complaint—dismissed at summary judgment and affirmed on appeal and reconsideration—was adjudicated on the merits. Second, the plaintiff filed the previous action against the Attorney General in her capacity as head of the Department of Justice, which administers the ATF. This is sufficient to establish privity between the defendants. *Clissuras v. E.E.O.C.*, No. 89-CV-5869, 1990 WL 209415, at *1 (S.D.N.Y. Dec. 10, 1990) ("Government agencies are in privity where, as here, a party loses an action with a government agency and then seeks to relitigate the same issues with a second, related government agency.") Finally, the plaintiff sought reinstatement in the prior action based on the same set of facts; he could have sought a writ of mandamus in that action.

The doctrine of collateral estoppel prohibits a plaintiff from re-litigating a legal or factual issue in a subsequent proceeding if: (1) the issues in both proceedings are identical, (2) the issue

in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits. *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001). Unlike under the doctrine of *res judicata*, a plaintiff can be estopped from litigating issues that they fully and fairly litigated in a prior proceeding even against defendants not named in the prior suit. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326-27 (1979). In this scenario, "if a litigant has had an opportunity to fully and fairly litigate an issue and lost, then third parties unrelated to the original action can bar the litigant from relitigating that same issue in a subsequent suit." *GemShares, LLC v. Kinney*, No. 17-CV-844, 2017 WL 2559232, at *9 (S.D.N.Y. June 2, 2017) (internal quotation marks omitted) (quoting *Austin v. Downs, Rachlin & Martin Burlington St. Johnsbury*, 270 F. App'x 52, 54 (2d Cir. 2008)).

The plaintiff has had a full and fair opportunity to litigate the discrimination claim at the heart of his mandamus petition. A judge in this judicial district determined, after years of litigation, that the defendant did not discriminate against the plaintiff on the basis of a disability, and there is no other basis for this Court to conclude that he has a clear right to be reinstated as a Special Agent. Therefore, the plaintiff is precluded from relitigating these issues.

## CONCLUSION

Mandamus relief is not available, and this action is dismissed as barred by the doctrines of *res judicata* and collateral estoppel. The Clerk of Court is respectfully directed to enter judgment, to mail a copy of the judgment and this Memorandum and Order to the plaintiff, to note the mailing on the docket, and to close this case.

Although the plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good

faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                             s/Ann M. Donnelly
                                                             ANN M. DONNELLY
                                                             United States District Judge

Dated: Brooklyn, New York
          February 15, 2023